## CIRCUIT COURT OF THE CITY OF NORFOLK

Francis Galiney
and G & H Motors, Inc.

v.

Mercury Finance Co. of Va.

June 16, 1988

Case No. (Law) L-88-596

By JUDGE JOHN W. WINSTON

In their motion for judgment, plaintiffs recite that they operate a business selling used cars to the general public; that those sales were financed through loans made to the purchasers by defendant, a "person" covered by the Virginia Consumer Finance Act (also called Small Loan Act), Code § 6.1-244 et seq.; that to obtain those loans for their customers and to complete those car sales, the plaintiffs either endorsed the loan papers or guaranteed the loan repayments; that defendant in loan default situations has required plaintiffs to pay off the loan balances in amounts totalling in excess of the statutory $2,800.00 loan ceiling; that they are entitled to refunds in double amounts, compensatory damages, punitive damages, reasonable attorney fees.

Defendant has demurred to all three counts because the Act does not create a private enforcement cause of action or for the award of double amounts, punitive damages, or reasonable attorney fees.

This small loan law was enacted in 1918 to regulate the business of money loan sharks who were prone to make small loans to the ignorant and the needy on unjust terms. That Act was remedial and had as its purpose the safeguard-

ing of a wage earner from the greed and rapaciousness of unscrupulous persons who might exploit his necessities and misfortune to his loss and their profit. See that subject as discussed in *Valley Acceptance Corp. v. Glasby*, 230 Va. 422, 428-429 (1985).

Whatever may have been the status of the car purchaser borrowers in this factual situation, the used car dealer plaintiffs are not among those persons the Act was designed to protect. They were neither ignorant nor needy and they were not borrowers. What plaintiffs did was to participate in a business venture with the defendant to guarantee loans made to customers making it possible for those customers to effect the purchase of a car they might not otherwise have been able to afford or accomplish.

Furthermore, actions against licensed lenders who violate the terms of the Act are mostly limited to those initiated by the Virginia State Corporation Commission. Examples are actions against the lender's license, actions seeking injunctive relief against that lender, and administrative fines.

The only private actions that may be filed under the Act seeking a monetary recovery are ones initiated by the borrower pursuant to Code §§ 6.1-308 and 6.1-309. Since plaintiffs are not borrowers, they cannot use those provisions against defendant here.

See construction in *A & E Supply Co. v. Nationwide Mutual Fire Ins. Co.*, 798 F.2d 669 (4th Cir. 1986), involving the Virginia Unfair Practices Act, §§ 38.1-49 et seq.

Nor does the Act provide for the award of double damages, punitive damages, or attorney fees in a non-borrower private action as here.

Since the allegations of Counts I, II, and III all relate to the provisions of the Virginia Consumer Finance Act, the demurrer is sustained in all respects, with leave to amend within ten days after order is entered.